UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC D. SMITH, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO.  3:04-CV-508 RM |
| v. ) | |
| ) | |
| CECIL DAVIS, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Eric D. Smith, a *pro se* prisoner, filed a motion asking this court to order the superintendent of the Westville Control Unit to send money to this court from another inmate's trust account in payment of his filing fee. Mr. Smith attaches a request slip signed by the other inmate indicating that inmate's willingness to pay the $100.00 balance of Mr. Smith's fee in this case. Indeed, the same inmate previously tried to pay this fee when he mailed the clerk a $130.00 check which, in accordance with the standard practice of the clerk's office, was returned to the Inmate Trust Department because it exceeded the then remaining $100.00 balance.

The Department of Correction prohibits inmates from giving or receiving anything of value to another inmate. Paying another inmate's filing fee would violate that policy for both the giver and the receiver. Even though the Department aided the violation of that policy when it authorized the prior check, it is not for this court to require it to repeat that error. Because the Department has no legal

obligation to permit one inmate to pay the filing fee for another, this court will not compel it to do so even though it did so once before.

In this court's order of March 2, 2005, Mr. Smith was denied leave to proceed *in forma pauperis* because he had accumulated three strikes pursuant to 28 U.S.C. § 1915(g). Mr. Smith was ordered to pay the filing fee and advised that if the fee was not paid that this case would be dismissed. The time for paying the filing fee has now passed and therefore this case will be dismissed for non-payment of the filing fee. Nevertheless, Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), requires that a prisoner pay the filing fee even after the case is dismissed. Therefore this court's order of August 11, 2004 (which requires the automatic deduction and payment of 20 percent of the money Mr. Smith receives for each calendar month during which he receives $10.00 or more) shall remain in effect.

For the foregoing reasons, the court:

(1) **DENIES** the motion for injunctive order (docket # 46); and

(2) **DISMISSES** this case for non-payment of the filing fee.

SO ORDERED.

ENTERED: April  27 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court